# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CEDRIK TUJIBIKILA (A-212106063), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 19 C 50171 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| DEPARTMENT OF HOMELAND ) | |
| SECURITY, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

      The Court grants Plaintiff's application for leave to proceed *in forma pauperis* [3] and waives payment of the filing fee. Summons shall not issue, however, as the Court dismisses Plaintiff's complaint [1] without prejudice for failure to state a claim upon which relief can be granted. The Court grants Plaintiff's motion for attorney representation [5]. The Court denies Plaintiff's renewed motion for attorney representation as moot and denies Plaintiff's request for fines and a temporary restraining order [10] without prejudice. The Court recruits Attorney Timothy A. Weaver, Pretzel & Stouffer, Chtd., One South Wacker Drive, Suite 2500, Chicago, Illinois, 60606, tweaver@pretzel-stouffer.com, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(h) and 83.37. Recruited counsel falls within the class of users listed in the Electronic Public Access fee schedule adopted by the Judicial Conference of the United States, therefore, counsel shall be exempt from the payment of fees for access via PACER to the electronic case files maintained in this court for the above-captioned case only. Recruited counsel is directed to open a separate PACER account to only be used for the above-captioned case, and fees are exempt for the above-captioned case only; he shall not be exempt from the payment of fees incurred in connection with other uses of the PACER system in this court. This exemption is valid immediately and for the duration of counsel's participation in the matter. This exemption may be revoked at the discretion of the Court at any time. Counsel shall contact the PACER Service Center at 1-800-676 6856 or online to create the new PACER account and to make any necessary arrangements for the waiver. **This case is set for status on March 27, 2020 at 9:30 a.m.** Counsel should be prepared to update the Court regarding efforts to investigate Plaintiff's allegations and if he intends to file an amended complaint. If counsel believes that he cannot proceed consistent with Rule 11, he should so inform the Court. Counsel is encouraged to visit the Pro Bono Resources for Trial Bar Attorneys now available on the Court's homepage for various resources related to pro bono representation. The Clerk is directed to send a copy of this order to: (1) the PACER Service Center at pacer@psc.uscourts.gov; (2) the Systems Department of the Northern District of Illinois; (3) Plaintiff at the facility having custody

of him; (4) the trust fund officer at the facility having custody of Plaintiff; and (5) to recruited counsel.

### **STATEMENT**

*Pro se* Plaintiff Cedrik Tujibikila, an ICE detainee currently confined at the Torrance County Detention Facility in Estancia, New Mexico, brings this civil rights lawsuit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), alleging various claims against federal defendants arising out of his alleged sexual assault victimization by guards at correctional institutions at which he has been confined in Wisconsin and Illinois. Tujibikila's application to proceed *in forma pauperis*, motion for appointment of counsel, and complaint, which is subject to initial screening pursuant to 28 U.S.C. § 1915(e)(2), are before the Court.

### I.     Filing Fee

Tujibikila's application for leave to proceed *in forma pauperis* demonstrates that he has insufficient assets to pay the filing fee. Review of Tujibikila's jail trust account statement reveals that his account is in arrears and the average monthly deposits into his account during the six-month period preceding commencement of this action has only equaled approximately $45.00. Accordingly, the Court grants his application and waives payment of the Court's filing fee.

### II.    Initial Screening of Tujibikila's Complaint

Under 28 U.S.C. §§ 1915(e)(2), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock*, 549 U.S. 199, 214, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted) (internal quotation marks omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129

S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).

Here, Tujibikila's complaint begins with the following statement:

> This case is a class action brought under ("BIVENS" Action) . . . for violation of Constitution on federal defendants. Alleging violations of the 8th & 14th Amendments of the U.S. Constitution, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., & the Rehabilitation Act, 29 U.S.C. § 794. Plaintiffs challenge the adequacy of the delivery of mental-health services to Plaintiffs who have mental illnesses in the physical custody and control of the ("DHS, ICE, & McHenry County Corrections Facility").

Doc. 1 at 5 (grammatical corrections supplied). Tujibikila goes on to state that he is "challenging all the inadequacy of the delivery of medical therapy treatment for victims of sexual assault and sexual abuse in the custody of the U.S. Department of Homeland Security and Immigration and Customs Enforcement (ICE) . . . for persons now or in the future in the custody of 'DHS' and 'ICE.'" *Id*. at 6.

Tujibikila alleges that Defendant Kevin McAleenan, Secretary of DHS, and Defendant Richard Wong, Director of ICE Chicago Field Office, had sufficient knowledge of the sexual assaults and sexual abuses suffered by Tujibikila in different detention facilities of the DHS and ICE in Illinois and Wisconsin, but they both disregarded and turned a blind eye to Tujibikila's concerns. In addition, Tujibikila asserts that he is challenging delays and denial of "access to the courts." *Id*. at 6. Specifically, in that regard, Tujibikila alleges that Defendant Keith Taylor informed him that Taylor could not assist him in filing charges against the guards who allegedly sexually assaulted him or in "obtaining any confidential statements of the witnesses." *Id*. at 7. Likewise, Tujibikila alleges that Defendant Landmiere told Tujibikila that if Tujibikila filed charges against the individuals, ICE personnel could not help with obtaining confidential statements and filing charges, and that if Tujibikila needed to do so, he would have to do it on his own.

Tujibikila alleges that Defendant Keith Taylor ("who is the sexual assault and abuse sexual coordinator") and Defendant Yesenia Ochoa ("a deportation officer") had a duty to investigate Tujibikila's allegations of abuse, but both failed to do so. *Id*. at 7. Tujibikila contends that this failure constituted a failure to provide adequate medical and mental health treatment. Tujibikila further alleges that Ochoa refused to separate Tujibikila from his assailants, knowing that the failure to do so presented a risk of further harm to Tujibikila. Finally, Tujibikila alleges that Defendant John Doe, the person who

was supposed to investigate Tujibikila's allegations of sexual assault "threatened the Plaintiff by saying that just because you are reporting this sexual assault does not mean we are not going to deport you." *Id*. at 9. Tujibikila felt intimidated and depressed, and his PTSD was triggered as a result of this statement. Tujibikila further alleges that defendants John Doe/Jane Doe are the inspector generals that handle charges of misconduct like that reported by Tujibikila but failed to respond in a timely manner and instead disregarded and turned a blind eye. These defendants "also denied and delayed the Plaintiff . . . therapy for his reconstruction ACL." *Id*.

Tujibikila names Department of Homeland Security Secretary Kevin McAleenan, Immigration and Customs Enforcement (ICE) Chicago Field Officer Richard Wong, Deportation Officer Yesenia Ochoa, Sexual Assault and Sexual Abuse Coordinator Keith Taylor, Deportation Officer Landmiere, and DHS Agent John Doe as Defendants.

Because he is a civil detainee not a convicted prisoner, Tujibikila's rights derive from the due process clause of the Fifth and Fourteenth Amendments. *See Belbachir v. Cty. of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013) (county jail inmate, detained by federal immigration authorities pending her removal hearing, "was in the same position as a lawfully arrested pretrial detainee [and] is entitled, by the due process clause of the Fifth or Fourteenth Amendments, to at least as much protection as convicted criminals are entitled to under the Eighth Amendment"); *see also Miranda v. County of Lake*, 900 F.3d 335, 353–54 (7th Cir. 2018).

The Due Process Clause prohibits the imposition of conditions (including the denial of medical care for serious medical conditions) that amount to punishment of a pretrial detainee. *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). A pretrial detainee's constitutional rights may be violated when jail officials act unreasonably to objectively serious living conditions that deprive the detainee of basic human needs. *See Smith v. Dart*, 803 F.3d 304, 309–10 (7th Cir. 2015). "One of those conditions is denial of a basic human need, such as adequate food, clothing, shelter, and medical care." *Id*. at 315 (Posner, J., dissenting) (citations omitted) (internal quotation marks omitted); *Burton v. Downey*, 805 F.3d 776, 786 (7th Cir. 2015) (Fourteenth Amendment violations are implicated by conditions of confinement involving "deprivations of essential . . . medical care" (internal quotation marks omitted)). Inmates' right to receive medical care includes the right to adequate mental health treatment. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 676 (7th Cir. 2012); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) ("[T]he need for a mental illness to be treated could certainly be considered a serious medical need.").

Under the operative Fourteenth Amendment "objective unreasonableness" standard, to establish that a detainee's medical care violates the Fourteenth Amendment, the detainee must show that (1) he suffered from an objectively serious medical condition, *see Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005), and (2) jail personnel "purposefully, knowingly, or perhaps even recklessly" disregarded a serious risk to his health or safety in connection with the provision of care or treatment for the condition, *Miranda*, 900 F.3d at 353. Negligence or even gross negligence is not enough. *Id.*

Instead, a defendant's conduct must be objectively unreasonable, which means that the conduct must be "more than negligence . . . something akin to reckless disregard." *Id.* at 353 (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)).

Tujibikila's complaint may reasonably be read as averring that he is a victim of sexual assault and/or sexual abuse and as a result suffers from serious mental health conditions for which he needs medical treatment—but that is about as far as one can go in drawing reasonable inferences from Tujibikila's complaint. The problem lies in the fact that Tujibikila's allegations are just too vague and lacking in factual detail to allow any reasonable inferences to be drawn as to whether Tujibikila has made a showing of any actionable violation and/or as to whether he has named any proper defendant as to the claims he purports to assert. This is particularly problematic in this case inasmuch as Tujibikila's claims arise out of alleged sexual assaults in correctional facilities in two different states; thus, it is difficult to even ascertain if this action is properly venued. Indeed, Tujibikila's allegations are precisely the sort of naked "the-defendant-unlawfully-harmed-me" allegations to which the Supreme Court alluded in *Twombly* and *Iqbal*.

As presently pleaded, Tujibikila's abstract allegation of inadequate delivery of medical and mental health treatment for victims of sexual assault and sexual abuse victims in the custody of DHS and ICE fails to state a claim upon which relief can be granted. Indeed, there are simply no allegations in Tujibikila's complaint that give this conclusory and general indictment of DHS/ICE any substance. Furthermore, while certain of Tujibikila's allegations concern the failure of certain individuals to investigate his allegations of sexual-assault/sexual-abuse, there are no allegations setting out any facts concerning any denial of medical/mental-health treatment.

Nonetheless, with further investigation and factual development, the nature of Tujibikila's allegations are such that federal claims are potentially implicated. The Court thus finds that the assistance of counsel is warranted. Accordingly, the Court requests that Timothy A. Weaver, Pretzel & Stouffer, Chtd., One South Wacker Drive, Suite 2500, Chicago, Illinois, 60606, tweaver@pretzel-stouffer.com, represent Tujibikila in accordance with counsel's trial bar commitment under Local Rule 83.37.

After investigation, if counsel believes that he is unable to file an amended complaint consistent with his obligations under Rule 11 of the Federal Rules of Civil Procedure, he should so inform the Court. Counsel is encouraged to visit the Court's Pro Bono web page at http://www.ilnd.uscourts.gov/ Pages.aspx?page=ProBono (case sensitive) for various resources related to pro bono representation.

Date: January 14, 2020 /s/ Sara L. Ellis